UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
VINCENT DANIEL HOPPER, )
now known as ANTOLIN ANDREW MARKS, )   No. 05-1812RSL
)
                Petitioner, )
)   ORDER ON MOTIONS TO REOPEN
    v. )   AND FOR CLARIFICATION, ORDER
)   VACATING CONSOLIDATION,
NEIL CLARK, *et al.*, )   ORDER RENOTING MOTION, AND
)   ORDER OF REFERENCE
                Respondents. )
_____)

**I. INTRODUCTION**

This matter comes before the Court on petitioner's three related motions: (1) "Motion under FRCP 59(b) for reopening of this matter for the limited purpose of determining whether the matter is dismissed with or without prejudice" (Dkt. #96); (2) "Motion that the Court clarify whether or not this matter is still pending or if the petitioner has to file another petition to deal with his indefinite confinement" (Dkt. #97); and (3) "Motion to reopen this petition for writ of habeas corpus" (Dkt. #100). These three motions request clarification of the same issue: whether petitioner's second habeas petition docketed in No. C06-717 remains pending, or whether it was dismissed by the Court's November 20, 2006 Order and Judgment (Dkt. #94

(Order of Dismissal); Dkt. #95 (Judgment)). For the reasons set forth below, petitioner's June 16, 2006 petition in No. C06-717 remains pending.

## II. DISCUSSION

**A. Background**

On August 3, 2005, petitioner Vincent Daniel Hopper, now known as Antolin Andrew Marks, proceeding pro se, filed a Petition for Writ of Habeas Corpus in the United States District Court for the Northern District of California under 28 U.S.C. § 2241, alleging that he is a United States citizen and that he should not be held in the custody of the United States Immigration and Customs Enforcement ("ICE"). See Dkt. #22; Attach. 2. On October 31, 2005, petitioner's Habeas Petition (Dkt. #22; Attach. #2), Petition for Injunction (Dkt. #22; Attach. #3), and Motion for Stay of Administrative Proceedings (Dkt. #22; Attach. #11) were transferred from the Northern District of California to this Court because petitioner is in removal proceedings in Tacoma, Washington, and is detained at the Northwest Detention Center in Tacoma, Washington. See Dkt. #22.

On December 7, 2005, petitioner filed an Amended Petition for Injunction under 28 U.S.C. § 2241. Dkt. #27. Respondents moved to dismiss petitioner's claims on January 17, 2006, asserting that the Court lacked subject matter jurisdiction to hear or review petitioner's citizenship claim under 8 U.S.C. § 1252(b)(5). Dkt. #34.

Petitioner filed a second 28 U.S.C. § 2241 habeas petition on May 22, 2006, which was docketed in a separate action as Marks v. Clark, et al., (No. C06-717RSL). See C06-717RSL; Dkt. #6 (Petition for Writ of Habeas Corpus). This second petition was amended on June 16, 2006. See Dkt. #11 in No. C06-717.

On July 25, 2006, petitioner's two actions, No. C05-1812RSL and No. C06-717RSL, were consolidated under cause number C05-1812. See Dkt. #17 in No. C06-717; Dkt. #81 in

ORDER ON MOTIONS TO REOPEN
AND FOR CLARIFICATION, ORDER
VACATING CONSOLIDATION,
ORDER RENOTING MOTION, AND
ORDER OF REFERENCE                -2-

No. C05-1812.

On October 19, 2006, the Honorable Mary Alice Theiler, United States Magistrate Judge, recommended dismissal of petitioner's December 7, 2006 habeas petition (Dkt. #27). See Dkt. #90 (Report and Recommendation) at 2. On November 20, 2006, this Court adopted the October 19, 2006 Report and Recommendation and dismissed petitioner's § 2241 petition. Dkt. #94. The Court also entered judgment dismissing this petition. Dkt. #95.

## B. Analysis

Petitioner has filed three motions (Dkt. #96, #97, and #100) addressing the same issue: whether petitioner's June 16, 2006 habeas petition docketed in No. C06-717 remains pending. For clarity these motions are discussed separately below.

### 1. Motion for clarification (Dkt. #97)

Petitioner requests clarification whether the petition in No. C06-717 remains pending after the Court's July 25, 2006 consolidation order. See Dkt. #81. The Court ordered consolidation under Fed. R. Civ. P. 42(a), which states:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

The Ninth Circuit has defined "consolidation" as referring to three different contexts: "(1) when several actions are stayed while one is tried, and the judgment in the case tried will be conclusive as to the others; (2) when several actions are combined and lose their separate identities, becoming a single action with a single judgment entered; and (3) when several actions are tried together, but each suit retains its separate character, with separate judgments entered." See Schnabel v. Lui, 302 F.3d 1023, 1035 (9th Cir. 2002) (citing 9 Wright & Miller, Fed. Practice & Procedure: Civil 2d § 2382 (1995). The Ninth Circuit, however, has not decided as a general matter whether consolidated actions retain their separate character. Id. at 1036 ("[W]e

ORDER ON MOTIONS TO REOPEN
AND FOR CLARIFICATION, ORDER
VACATING CONSOLIDATION,
ORDER RENOTING MOTION, AND
ORDER OF REFERENCE                    -3-

do not resolve the issue of whether consolidated actions in general retain their separate character under [Johnson v. Manhattan Ry. Co., 289 U.S. 479 (1933)] and its progeny").

In this case, the December 7, 2005 petition (Dkt. #27) and the June 16, 2006 petition (Dkt. #11 in No. C06-717) should retain their separate character because respondent's motion to dismiss, upon which the Court based its Order dismissing plaintiff's December 7, 2005 habeas petition, was filed before petitioner submitted his second petition docketed in C06-717. It would be inequitable to consider both petitions combined into a single action and dismissed given that the motion to dismiss was directed only at the December 7, 2005 petition. Accordingly, the Court concludes that petitioner's June 16, 2006 petition docketed in No. C06-717 remains pending. As a result, the Court VACATES the order (Dkt. #17 in C06-717 and Dkt. #81 in C05-1812) consolidating the No. C06-717 action with the C05-1812 action.

**2. Motion for reopening of this matter (Dkt. #96)**

In his motion "for reopening of this matter," petitioner requests relief under Fed. R. Civ. P. 59, which applies when a party seeks a new trial. See Peacock v. Bd. of Sch. Comm'rs, 721 F.2d 210, 212 (7th Cir. 1983) ("The most obvious requirement of 59(b) is that there have been a trial[.]"). In this case, however, there was no trial and therefore Rule 59 does not apply. Instead, the Court considers petitioner's motion as one arising under Fed. R. Civ. P. 60(a) since he is arguing that entry of the judgment in this case "'with prejudice' was either a clerical error or was an oversight on the Judge's part." See Motion at 1. Federal Rule of Civil Procedure 60(a) states, in part:

> Clerical Mistakes.  Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

"An error arises from oversight or omission whenever 'the thing spoken, written or recorded is not what the person intended to speak, write or record.'" Waggoner v. R. McGray,

Inc., 743 F.2d 643, 644 (9th Cir. 1984) (emphasis in original) (quoting Allied Materials Corp. v. Superior Prods. Co., 620 F.2d 224, 226 (10th Cir. 1980).  Here, the order (Dkt. #94) and judgment (Dkt. #95) dismissing petitioner's December 7, 2005 habeas petition (Dkt. #27) "with prejudice" was not a clerical error or oversight by the Court because it is what the Court intended to record.  Accordingly, petitioner's "Motion under FRCP 59(b) for reopening of this matter for the limited purpose of determining whether the matter is dismissed with or without prejudice" (Dkt. #96) is denied.

### 3. Motion to reopen petition in C06-717 (Dkt. #100)

Because the June 16, 2006 petition docketed in No. C06-717 remains pending, for the reasons set forth above in section II.B.1, petitioner's "Petition to reopen this petition for writ of habeas corpus" (Dkt. #100) is denied as moot.

## III.  CONCLUSION

For all of the foregoing reasons, the June 16, 2006 habeas petition docketed in No. C06-717 (Dkt. #11) remains pending.  As a result, the Clerk of Court is directed to REOPEN No. C06-717 and VACATE the consolidation order (Dkt. #17 in No. C06-717 and Dkt. #81 in C05-1812).  The Clerk of Court is also directed to RENOTE "Respondents' Return Motion to Dismiss, and Motion for Permanent Injunction" (Dkt. #13 in No. C06-717), which was held in abeyance after the cases were consolidated, on the Court's calendar for consideration on February 16, 2007.  Respondents may file and serve an amended motion not later than February 2, 2007.  Petitioner may file and serve a response not later than February 12, 2007.  Respondents may file and serve a reply not later than February 16, 2007.  This matter is REFERRED to United States Magistrate Judge Mary Alice Theiler pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and Local Rules MJR 3 and 4.

Petitioner's motion to reopen the June 16, 2006 petition for writ of habeas corpus (Dkt.

ORDER ON MOTIONS TO REOPEN
AND FOR CLARIFICATION, ORDER
VACATING CONSOLIDATION,
ORDER RENOTING MOTION, AND
ORDER OF REFERENCE                    -5-

1  #100) is DENIED AS MOOT.

2       Petitioner's "Motion under FRCP 59(b) for reopening of this matter [C05-1812] for the

3  limited purpose of determining whether the matter is dismissed with or without prejudice" (Dkt.

4  #96) is DENIED.  Accordingly, No. C05-1812 is CLOSED.

5

     DATED this 22nd day of January, 2007.

6

7

8                                    _____
                                  Robert S. Lasnik

9                                    United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  ORDER ON MOTIONS TO REOPEN
    AND FOR CLARIFICATION, ORDER
26  VACATING CONSOLIDATION,
    ORDER RENOTING MOTION, AND
    ORDER OF REFERENCE                -6-